IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| _____ | x | |
| DOUGLAS MASTERS, Individually and On Behalf of All Others Similarly Situated, | : : | **Civil Action No.: 1:12-cv-451** |
| Plaintiff, | : : | |
| vs. | : : | |
| TIME WARNER CABLE, INC., | : : | |
| Defendant. | : : | |
| _____ | x | |

## CLASS ACTION COMPLAINT

Plaintiff, Douglas Masters ("Plaintiff"), by and through the undersigned counsel, files this Class Action Complaint on behalf of himself and two classes of persons similarly situated. The allegations herein are based upon Plaintiff's personal knowledge as to his own actions and conduct, and upon information and belief as to all other matters set forth herein.

## NATURE OF THE ACTION

1.      This is a class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and §392.302(4) of the Texas Financial Code.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and pre-recorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

*****

1

      **(iii)**      **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

3.      Tex. Fin. Code §392.302(4) sets forth restrictions on abusive practices by debt collectors, and provides in pertinent part:

**HARASSMENT; ABUSE.  In debt collection, a debt collector may not oppress, harass, or abuse a person by:**

**(4)**      **causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.**

## JURISDICTION

4.      This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.  *See Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts substantial business in this State and this District.

## PARTIES

7.      Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Williamson.

8.      Defendant Time Warner Cable, Inc. ("Defendant" or the "Company") is a Delaware corporation with principal offices situated at 60 Columbus Circle, New York, NY.  Defendant may be served through its registered agent C T Corporation System, 350 North Saint Paul St., Dallas, TX 75201.  Defendant is a provider of video, high-speed data and voice services in the United States.

## FACTUAL ALLEGATIONS

9.      In connection with the collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on October 27, 2011 at 8:06 P.M., and at such time, Defendant asked to speak with "Tessie Jubin."

10.      During the conversation on October 27, 2011, Plaintiff informed Defendant that he was not "Tessie Jubin," that he did not know anyone named "Tessie Jubin," and asked Defendant to stop calling Plaintiff's cellular telephone.

11.      Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 3, 2012 at 9:39 A.M., and at such time, left the following pre-recorded voicemail message:

> This is an urgent message from Time Warner Cable.  There is an unresolved issue regarding your account, which may result in disconnection of your services.  Please return our call immediately at 512-485-5555 twenty-four hours a day, seven days a week.

12.      Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 14, 2012 at 1:31 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

13.      Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 14, 2012 at 3:32 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

14.    Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 16, 2012 at 11:37 A.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

15.    On January 16, 2012 at 1:20 PM, Defendant again called Plaintiff's cellular telephone and asked to speak with "Tessie Jubin."

16.    During the conversation on January 16, 2012, Plaintiff again informed Defendant that he was not "Tessie Jubin," that he did not know anyone named "Tessie Jubin," and asked Defendant to stop calling Plaintiff's cellular telephone.

17.    Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an artificial or pre-recorded voice.

18.    Defendant, in an attempt to collect a debt, placed telephone calls to Plaintiff where Defendant caused Plaintiff's telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, with the intent to harass Plaintiff.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and two Classes as defined below:

### The TCPA Class

> All persons and entities throughout the United States who received telephones calls on their cellular telephones that were placed by Defendant by  utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice without their consent, from four years prior to the filing of this complaint to the present.

**The Texas Financial Code Class**

All persons and entities within the State of Texas who received five (5) or more telephone calls that were placed by Defendant in an attempt to collect a debt where Defendant caused the telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, from four years prior to the filing of this complaint to the present.

Excluded from both Classes is Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20.     The proposed Classes are so numerous that joinder of all members is impracticable. The exact number of members of the Classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

21.     Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all of the members' of the Classes claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possess the same interests and have suffered the same injuries as each Class member.  Like all proposed members of the TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, and/or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. §227.  Like all proposed members of the Texas Financial Code Class, Plaintiff received five (5) or more telephone calls that were placed by Defendant in an attempt to collect a debt where Defendant caused the telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, in violation of Tex. Fin. Code §392.302(4).

22.     Plaintiff will fairly and adequately protect the interests of the members of the Classes and has retained counsel experienced and competent in class action litigation.  Plaintiff has no

interests that are contrary to or in conflict with the members of the Classes that Plaintiff seeks to represent.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

24. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Classes are:

a. Defendant's violations the TCPA as alleged herein;

b. Defendant's violations the Texas Financial Code as alleged herein;

c. the existence of Defendant's identical conduct particular to the matters at issue;

d. the availability of statutory penalties; and

e. the availability of attorneys' fees and costs.

25. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATION OF 47 U.S.C. §227(b)(1)(A)(iii) OF THE TCPA**

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 25.

27. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number without consent to do so.

28.     Defendant willingly or knowingly violated 47 U.S.C. §227(b)(1)(A)(iii) as Defendant was advised that Plaintiff was not the purported debtor and that Defendant did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

29.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

**COUNT II: VIOLATION OF §392.302(4) OF THE TEXAS FINANCIAL CODE**

30.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 25.

31.     Defendant is a "debt collector" pursuant to §392.001(6) of the Texas Financial Code.

32.     Defendant's repeated phone calls to Plaintiff constitute "debt collection" pursuant to §392.001(6) of the Texas Financial Code.

33.     Defendant violated §392.302(4) of the Texas Financial Code by causing Plaintiff's telephone to ring repeatedly or  continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiff as class representative of both proposed Classes under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the TCPA Class;

(c)     Adjudging that Defendant violated Tex. Fin. Code §392.302(4) and enjoining Defendant from further violations of Tex. Fin. Code §392.302(4) with respect to Plaintiff and the other members of the Texas Financial Code Class;

(d)     Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500.00 per violation;

(e)     Awarding Plaintiff and members of both Classes actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B) and Tex. Fin. Code §392.403(a)(2);

(f)     Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex. Fin. Code §392.403(b); and

(g)     Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  May 21, 2012                    Respectfully submitted,


/s/Dennis R. Kurz
**Dennis R. Kurz**
WEISBERG & MEYERS, LLC

**MICHAEL L. GREENWALD**
**JAMES L. DAVIDSON**
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:     561.826.5477
Telecopier:     561.961.5684
mgreenwald@mgjdlaw.com
jdavidson@mgjdlaw.com
Lead Counsel for Plaintiff and the Class

**DENNIS R. KURZ**
Texas Bar No. 24068183
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, Texas 77002
Telephone:     888.595.9111
Telecopier:     866.317.2674
dkurz@attorneysforconsumers.com
Co-Counsel for Plaintiff and the Class