**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| DOUGLAS MASTERS, Individually and on Behalf of All Other Similarly Situated, )<br>, )<br>Plaintiff )<br>v. )<br>)<br>TIME WARNER CABLE INC., )<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION NO.<br>1:12-cv-000451-SS |

**DEFENDANT TIME WARNER CABLE INC'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S CLASS ACTION COMPLAINT[1]**

### I.     INTRODUCTION

Plaintiff Douglas Masters ("Plaintiff" or "Masters") alleges that Defendant Time Warner Cable Inc. ("TWC") violated the federal Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act (Tex. Fin. Code § 392.001, *et seq.*) ("TDCA") by making a total of six (6) phone calls to his cellular telephone in a mistaken attempt to collect a debt owed by a different individual. Plaintiff seeks to represent a nationwide class with respect to his TCPA claim and a statewide (Texas) class with respect to his TDCA claim. The Court should dismiss Count II of the Class Action Complaint, however, because Plaintiff's threadbare, conclusory allegations fail to state a plausible claim for violation of the TDCA. Specifically, Plaintiff's Complaint fails to state a viable cause of action under the TDCA because the allegations do not

---

[1] TWC files concurrently herewith a Motion to Dismiss or, in the Alternative, Motion to Stay and Compel Arbitration on grounds that this dispute must be submitted to mandatory arbitration. TWC files the instant Motion to protect its rights ***only in the event*** the Court does not order the case to arbitration. Accordingly, TWC expressly reserves and does not waive its right to seek arbitration of this matter.

establish that: (1) TWC made "continuous and repeated" calls to Plaintiff's telephone; (2) TWC made calls to Plaintiff's telephone with the intent to harass Plaintiff; and (3) Plaintiff suffered any actual damages as a result of TWC's supposed conduct. Accordingly, the Court should grant TWC's Motion and dismiss Count II of Plaintiff's Complaint.

## II.     RELEVANT FACTS[2]

According to Plaintiff's Complaint, Plaintiff received a total of six telephone calls from TWC between October 2011 and January 2012, attempting to collect a debt on a past-due account for cable services. (Compl., DE 1 ¶¶ 9-18.) Plaintiff alleges he was being called by mistake, and the calls were actually regarding another TWC customer's account: Tessie Jubin. (Compl. ¶¶ 9-16.) Plaintiff alleges that he received a single call on October 27, 2012 and five additional telephone calls in January 2012. (Compl. ¶¶ 9-16.) The first four calls in January all went to voicemail, and stated that the caller was calling on behalf of the Time Warner Cable customer service department. (Compl. ¶¶ 11-14.) Plaintiff did not return those calls, but did answer the fifth call on January 16. (Compl. ¶¶ 15-16.) During that call, Plaintiff explained that he was not Tessie Jubin and did not know Tessie Jubin. (Compl. ¶ 16.) After Plaintiff provided that explanation, he does not allege that he received any further calls from TWC. Plaintiff does not allege that any of the calls were harassing, aggressive, or even rude. Despite this fact, Plaintiff brought an action against TWC alleging that TWC had violated the TCPA and TDCA. (Compl. ¶ 1.)

---

[2] Plaintiff's allegations are taken from his Complaint. TWC does not admit the truth of those allegations by referencing them in this Motion.

### III. ARGUMENT

**A. Legal Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

To determine whether a complaint sufficiently pleads a cause of action, the Court must first identify conclusory allegations and disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1951. The Court must then "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The complaint is insufficient and a motion to dismiss should be granted if the facts in the complaint are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior." *Id.*

### B. Plaintiff's Allegations Do Not Establish That TWC Made "Repeated or Continuous" Calls for the Purpose of Harassing the "Person at the Called Number."

Plaintiff asserts that TWC violated § 392.302(4) of the TDCA.  (Compl. ¶ 33.)  That section of the TDCA provides that a "debt collector may not oppress, harass, or abuse a person by: . . . Causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."  Tex. Fin. Code § 392.302(4).

Plaintiff alleges that he received a single phone call on October 27, 2011 from TWC, during which TWC asked to speak with "Tessie Jubin."  (Compl. ¶ 9.)  Then, Plaintiff alleges that *over two months* passed until TWC called his telephone again on January 3, 2012.  (Compl. ¶ 11.)  Plaintiff alleges that he did not answer the call and that TWC left a voicemail asking the recipient to return the call.  (Compl. ¶ 11.)  Despite not answering or returning the call, Plaintiff assumes in his Complaint that the purpose of the January 3rd call was another attempt by TWC to reach "Tessie Jubin" for debt collection purposes.  (Compl. ¶ 11.)  Plaintiff then alleges that TWC called his phone on three (3) more occasions over the course of the next two weeks, leaving voicemails each time.  (Compl. ¶¶ 12-14.)  Again, despite not answering or returning these calls, Plaintiff assumes that these were also attempts by TWC to reach "Tessie Jubin" for purposes of collecting on a debt.  (Compl. ¶¶ 12-14.)  Plaintiff alleges that he answered TWC's final call on January 16, 2012, and the caller asked to speak with "Tessie Jubin."  (Compl. ¶ 15.)  Plaintiff alleges that he informed TWC that he was not "Tessie Jubin" and asked TWC to stop calling his telephone.  (Compl. ¶ 16.)  Plaintiff does not allege that TWC called him again after this conversation on January 16, 2012.

These allegations fail to allege a plausible TDCA claim because they do not show that TWC "repeatedly or continuously" called Plaintiff, as required by the statute.  Indeed, Plaintiff's

allegations that TWC made six calls over a four-month period between October 2011 and January 2012 are insufficient, as a matter of law, to demonstrate that TWC made "repeated or continuous" calls necessary to establish a violation of the TDCA.  *See Sutton v. New Century Fin. Servs.*, No. 05-3125, 2006 WL 2038500, at *2 (D.N.J. July 19, 2006) (interpreting identical language under the Fair Debt Collection Practice Act prohibiting debt collector from "repeatedly and continuously" calling and holding that allegation that defendant had made two debt collection calls to plaintiff did not state plausible cause of action).

Plaintiff's allegations also fail to state a TDCA claim because they do not plausibly support a finding that TWC made the calls with the specific intent to harass the person "at the called number." Tex. Fin. Code § 392.302(4).   Plaintiff admits in his complaint that TWC made the alleged calls for the purpose of contacting ***Tessie Jubin*** – not Plaintiff.  Thus, the allegations cannot possibly, let alone plausibly, establish that TWC intended to harass ***Plaintiff***.

Further, Plaintiff's TDCA claim fails because his allegations do not establish a specific intent to "harass."   In *Montoya v. Bluebonnet Financial Assets*, No. 02-09-00301-CV, 2010 WL 4261481 (Tex. App. Oct. 28, 2010),[3] the counter-plaintiff sued Bluebonnet for violations of Section 392.302(4), alleging that Bluebonnet's attorneys had sent her letters and made "obnoxious and unpleasant" phone calls to her for purposes of trying to collect on a debt despite her "repeatedly" telling the callers to "contact her attorney, leave her alone, and quit calling her." *Id.* at *5.  The Texas Court of Appeals affirmed the trial court's granting of summary judgment as to that claim, holding:

> While Bluebonnet's counsel's phone calls may have been unwelcome and uninvited, Montoya's affidavit contains no allegation that Bluebonnet or its

---

[3] The *judgment* in *Montoya*, but not the opinion, was vacated on rehearing solely for purposes of accepting a voluntary remittitur of the damage award.  *See Montoya v. Bluebonnet Fin. Assets*, No. 02-09-00301-CV, 2010 WL 5186787 (Tex. App. Dec. 23, 2010).

>counsel *used or attempted to use threats or coercion or that they oppressed or abused her*. *See* Tex. Fin. Code Ann. §§ 392.301-.302.  Section 392.302 prohibits debt collectors from making repeated or continuous phone calls with the intent to harass a person at the called number, but even if Montoya's affidavit is some evidence of repeated or continuous phone calls, it nevertheless provides no facts showing that Bluebonnet's counsel *made the phone calls with the intent to harass her*. *See id.* § 392.302(4).  Because Montoya did not produce more than a scintilla of evidence that Bluebonnet used statutorily prohibited debt collection methods, we hold that the trial court did not err by granting a no-evidence summary judgment on Montoya's finance code violation claim.

*Montoya*, 2010 WL 4261481, at *6 (emphasis added).

Here, Plaintiff's allegations do not plausibly establish that TWC acted with any intent to harass Plaintiff.  As *Montoya* shows, the mere fact that Plaintiff allegedly found the calls unpleasant or uninvited cannot establish that the calls were made with the intent to harass Plaintiff.  Plaintiff does not allege that TWC threatened him or coerced him in any way or was even rude to him.  Instead, he alleges only that TWC made a few unwelcome calls to his telephone.  *Montoya* establishes that such allegations are insufficient, as a matter of law, to demonstrate a violation of the TDCA.  Accordingly, Plaintiff's Complaint does not allege a plausible violation of the TDCA and TWC's Motion to Dismiss should be granted.

### C. Plaintiff's Allegations Do Not Establish That Plaintiff Suffered Any Actual Injury as a Result of TWC's Supposed Conduct.

Plaintiff seeks to recover "actual damages" for the alleged violations of the TDCA but fails to allege *any* facts showing that Plaintiff suffered any actual damages.  (Compl. "WHEREFORE" paragraph.)  *See Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-02 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot successfully maintain an action under the [TDCA].") (quotations omitted).  Accordingly, because Plaintiff fails to allege facts supporting all of the requisite elements of a TDCA claim, the Court should dismiss Count II of the complaint.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff has failed to plead a plausible violation of the TDCA, and the Court should, therefore, dismiss Count II of Plaintiff's Complaint.

Respectfully submitted this 30th day of July, 2012.

**WARGO & FRENCH LLP**
999 Peachtree Street. 26th Floor
Atlanta, Georgia 30309
Telephone:  (404) 853-1500
Telecopy:  (404) 853-1501

Michael S. French[*]
Georgia Bar No. 276680
Paul G. Sherman[*]
Georgia Bar No. 100153
John P. Mittelbach[*]
Georgia Bar No. 472078
*motion for pro hac vice forthcoming*

**By: /s/ Paul Sherman**
         Paul Sherman

**CORNELL SMITH & MIERL, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:   (512) 328-1541

Elizabeth "Betsy" S. Chestney
Texas State Bar No. 24038103

**By: /s/ Elizabeth S. Chestney**
         Elizabeth S. Chestney

*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 30th day of July, 2012, I electronically filed a true and correct copy of this document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following counsel of record:

**James L. Davidson**
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
Fax: 561-961-5684
Email: jdavidson@mgjdlaw.com

**Michael L. Greenwald**
Greenwald Davidson PLLC
5550 Glades Road
Boca Raton, FL 33431
(561) 826-5477
Fax: (561) 869-1919
Email: mgreenwald@mgjdlaw.com

**Dennis Robert Kurz**
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith St., 16th Fl.
Houston, TX 77002
(888) 595-9111 x 412
Fax: (866) 565-1327
Email: ecf@attorneysforconsumers.com

                                                          ___/s/ Betsy Chestney_____
                                                          Betsy Chestney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DOUGLAS MASTERS, Individually and on Behalf of All Other Similarly Situated, , Plaintiff v. TIME WARNER CABLE INC., Defendant. | CIVIL ACTION NO. 1:12-cv-000451 |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S CLASS ACTION COMPLAINT

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Class Action Complaint. Having considered the motion, the relevant law, and the case file as a whole, the Court now enters the following order:

IT IS ORDERED that Defendant's Motion to Dismiss Count II of Plaintiff's Class Action Complaint [#____] is GRANTED, and Count II of Plaintiff's Class Action Complaint is DISMISSED.

SIGNED AND ENTERED this ____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE