IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| DOUGLAS MASTERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIME WARNER CABLE, INC.,<br><br>Defendant. | **Civil Action No.: 1:12-cv-000451-SS** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, Douglas Masters ("Plaintiff"), by and through the undersigned counsel, files this Amended Class Action Complaint on behalf of himself and two classes of persons similarly situated. The allegations herein are based upon Plaintiff's personal knowledge as to his own actions and conduct, and upon information and belief as to all other matters set forth herein.

## NATURE OF THE ACTION

1. This is a class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and §392.302(4) of the Texas Financial Code.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and pre-recorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

*****

1

> (iii)   **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

3. Tex. Fin. Code §392.302(4) sets forth restrictions on abusive practices by debt collectors, and provides in pertinent part:

> **HARASSMENT; ABUSE.  In debt collection, a debt collector may not oppress, harass, or abuse a person by:**
>
> **(4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.**

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.  *See Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

6. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

7. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Williamson.

8. Defendant Time Warner Cable, Inc. ("Defendant" or the "Company") is a Delaware corporation with principal offices situated at 60 Columbus Circle, New York, NY.  Defendant is a provider of video, high-speed data and voice services in certain jurisdictions within the United States.

## FACTUAL ALLEGATIONS

9. In approximately October 2009, Plaintiff obtained high-speed internet service from a company operating under the trade name "Time Warner Cable" and based in Austin, Texas.

10. At the time of the installation, Plaintiff provided "Time Warner Cable" with his home telephone number. Plaintiff did not provide "Time Warner Cable" his cellular telephone number.

11. Thereafter, on October 27, 2011 at 8:06 P.M, and in connection with the collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone and asked to speak with "Tessie Jubin."

12. During the conversation on October 27, 2011, Plaintiff informed Defendant that he was not "Tessie Jubin," that he did not know anyone named "Tessie Jubin," and asked Defendant to stop calling Plaintiff's cellular telephone.

13. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 3, 2012 at 9:39 A.M., and at such time, left the following pre-recorded voicemail message:

> This is an urgent message from Time Warner Cable. There is an unresolved issue regarding your account, which may result in disconnection of your services. Please return our call immediately at 512-485-5555 twenty-four hours a day, seven days a week.

14. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 12, 2012 at 9:27 A.M., and at such time, left another pre-recorded voicemail message.

15. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 14, 2012 at 1:31 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

16. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 14, 2012 at 3:32 P.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

17. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 16, 2012 at 11:37 A.M., and at such time, left the following pre-recorded voicemail message:

> This is Taylor Johnson calling on behalf of the Time Warner Cable customer service department.  Could you please call us back at 1-800-418-8848 to discuss an important matter.  Again, the telephone number is 1-800-418-8848.  Thank you.

18. Thereafter, on January 16, 2012 at 1:20 P.M., Defendant again called Plaintiff's cellular telephone.  Upon Plaintiff answering the phone, Defendant again asked to speak with "Tessie Jubin."

19. During the conversation on January 16, 2012, Plaintiff again informed Defendant that he was not "Tessie Jubin," that he did not know anyone named "Tessie Jubin," and asked Defendant to stop calling Plaintiff's cellular telephone.

20. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on March 29, 2012 at 11:17 A.M., and at such time, left another pre-recorded voicemail message.

21. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone

4

on April 2, 2012 at 11:36 A.M.  On this occasion, Plaintiff again answered his phone and was greeted by a pre-recorded message requesting that he call Time Warner Cable.

22.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 6, 2012 at 11:47 A.M., and at such time, left another pre-recorded voicemail message.

23.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 9, 2012 at 12:23 P.M., and at such time, left another pre-recorded voicemail message.

24.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 9, 2012 at 5:54 P.M., and at such time, left another pre-recorded voicemail message.

25.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 10, 2012 at 11:33 A.M., and at such time, left another pre-recorded voicemail message.

26.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 10, 2012 at 3:17 P.M., and at such time, left another pre-recorded voicemail message.

27.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 10, 2012 at 6:56 P.M., and at such time, left another pre-recorded voicemail message.

28.     Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 12, 2012 at 11:55 A.M., and at such time, left another pre-recorded voicemail message.

29. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 12, 2012 at 1:22 P.M., and at such time, left another pre-recorded voicemail message.

30. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 12, 2012 at 3:49 P.M., and at such time, left another pre-recorded voicemail message.

31. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 14, 2012 at 11:55 A.M., and at such time, left another pre-recorded voicemail message.

32. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 14, 2012 at 1:22 P.M., and at such time, left another pre-recorded voicemail message.

33. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 14, 2012 at 3:49 P.M., and at such time, left another pre-recorded voicemail message.

34. Despite actual knowledge that Plaintiff was not "Tessie Jubin" and did not know anyone by that name, Defendant placed another non-emergency call to Plaintiff's cellular telephone on April 16, 2012 at 3:07 P.M., and at such time, left another pre-recorded voicemail message.

35. Defendant placed at least twenty-two (22) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an artificial or pre-recorded voice during at least twenty (20) of the calls.

36. Defendant, in an attempt to collect a debt, placed telephone calls to Plaintiff where Defendant caused Plaintiff's telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, with the intent to harass Plaintiff.

37.     Discovery may uncover additional non-emergency calls made by Defendant to Plaintiff's cellular telephone using an artificial or pre-recorded voice, and/or where Defendant caused Plaintiff's telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, with the intent to harass Plaintiff.

38.     In the midst of these and other calls, and in an effort to stop the endless phone calls to his cellular telephone for "Tessie Jubin," Plaintiff changed the outgoing voicemail message on his cellular telephone to the following:

> You have reached the voicemail for Doug Masters. Please leave a message after the tone. If you are calling for Tessie, or anyone else, you have the wrong number. Please do not call here ever again. Thank you.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and two Classes as defined below:

### The TCPA Class

> All persons and entities throughout the United States who received telephones calls on their cellular telephones that were placed by Defendant by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice without their consent, from four years prior to the filing of this complaint to the present.

### The Texas Financial Code Class

> All persons and entities within the State of Texas who received telephone calls that were placed by Defendant in an attempt to collect a debt where Defendant caused the telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, from four years prior to the filing of this complaint to the present.

Excluded from both Classes is Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40.     The proposed Classes are so numerous that joinder of all members is impracticable. The exact number of members of the Classes is unknown to Plaintiff at this time and can only be

ascertained through appropriate discovery. The proposed Classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

41. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all of the members of the Classes' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possess the same interests and have suffered the same injuries as each Class member. Like all proposed members of the TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, and/or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. §227. Like all proposed members of the Texas Financial Code Class, Plaintiff received telephone calls that were placed by Defendant in an attempt to collect a debt where Defendant caused the telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, in violation of Tex. Fin. Code §392.302(4).

42. Plaintiff will fairly and adequately protect the interests of the members of the Classes and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Classes that Plaintiff seeks to represent.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

44. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Classes are:

   a. Defendant's violations the TCPA as alleged herein;

   b. Defendant's violations the Texas Financial Code as alleged herein;

   c. the existence of Defendant's identical conduct particular to the matters at issue;

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

45. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF 47 U.S.C. §227(b)(1)(A)(iii) OF THE TCPA

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 45.

47. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number without consent to do so.

48. Defendant willingly or knowingly violated 47 U.S.C. §227(b)(1)(A)(iii) as Defendant was advised that Plaintiff was not the purported debtor and that Defendant did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

49. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

**COUNT II: VIOLATION OF §392.302(4) OF THE TEXAS FINANCIAL CODE**

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 45.

51. Defendant is a "debt collector" pursuant to §392.001(6) of the Texas Financial Code.

52. Defendant's repeated phone calls to Plaintiff constitute "debt collection" pursuant to §392.001(6) of the Texas Financial Code.

53. Defendant violated §392.302(4) of the Texas Financial Code by causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative of both proposed Classes under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the TCPA Class;

(c) Adjudging that Defendant violated Tex. Fin. Code §392.302(4) and enjoining Defendant from further violations of Tex. Fin. Code §392.302(4) with respect to Plaintiff and the other members of the Texas Financial Code Class;

(d) Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500.00 per violation;

(e) Awarding Plaintiff and members of both Classes actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B) and Tex. Fin. Code §392.403(a)(2);

    (f)  Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex. Fin. Code §392.403(b); and

    (g)  Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

  Plaintiff hereby demands a trial by jury.

DATED:  August 20, 2012       Respectfully submitted,

                 */s/James Davidson*

                 **MICHAEL L. GREENWALD** (*admitted pro hac vice*)
                 **JAMES L. DAVIDSON** (*admitted pro hac vice*)
                 GREENWALD DAVIDSON PLLC
                 5550 Glades Road, Suite 500
                 Boca Raton, FL 33431
                 Telephone: 561.826.5477
                 Telecopier: 561.961.5684
                 mgreenwald@mgjdlaw.com
                 jdavidson@mgjdlaw.com
                 Counsel for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on August 20, 2012, via the Court Clerk's CM/ECF system which will provide notice to the following:

> Michael S. French
> Paul G. Sherman
> John P. Mittelbach
> WARGO & FRENCH LLP
> 999 Peachtree Street. 26th Floor
> Atlanta, Georgia 30309
> Telephone: (404) 853-1500
> Telecopy: (404) 853-1501
>
> Elizabeth S. Chestney
> CORNELL SMITH & MIERL, LLP
> 1607 West Avenue
> Austin, Texas 78701
> Telephone: (512) 328-1540
> Telecopy: (512) 328-1541

>           */s/*James Davidson_____
>           **JAMES L. DAVIDSON**