UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DOUGLAS MASTERS, Individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>TIME WARNER CABLE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 1:12-cv-000451<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT TIME WARNER CABLE INC'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT[1]**

### I.   INTRODUCTION

Plaintiff Douglas Masters ("Plaintiff" or "Masters") alleges that Defendant Time Warner Cable Inc. ("TWC") violated the federal Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act (Tex. Fin. Code § 392.001, *et seq.*) ("TDCA") by making calls to his cellular telephone in a mistaken attempt to collect a debt owed by a different individual. Plaintiff seeks to represent a nationwide class with respect to his TCPA claim and a statewide (Texas) class with respect to his TDCA claim. Although Plaintiff's Amended Complaint alleges that he received additional mistaken calls from Time Warner Cable, his Amended Complaint still fails to state a plausible claim for violation of the TDCA because the allegations do not establish that: (1) TWC made calls to Plaintiff's telephone with the intent to harass Plaintiff; or (2) Plaintiff

---

[1] TWC files concurrently herewith a Motion to Dismiss or, in the Alternative, Motion to Stay and Compel Arbitration on grounds that this dispute must be submitted to mandatory arbitration. TWC files the instant Motion to protect its rights ***only in the event*** the Court does not order the case to arbitration. Accordingly, TWC expressly reserves and does not waive its right to seek arbitration of this matter.

suffered any actual damages as a result of TWC's supposed conduct – both of which are required elements of a *prima facie* claim under the TDCA. Accordingly, the Court should grant TWC's Motion and dismiss Count II of Plaintiff's Amended Complaint.

## II.   RELEVANT FACTS[2]

According to Plaintiff's Amended Complaint, Plaintiff received 22 calls from TWC during a 173 day period between October 2011 and April 2012, attempting to collect a debt on a past-due account for cable services. (Amended Compl., DE 21 ¶¶ 11-34.) Plaintiff alleges he was being called by mistake, and the calls were actually regarding another TWC customer's account (i.e., "Tessie Jubin"). (Amended Compl. ¶¶ 11-34.) Moreover, all but two of those calls went to voicemail and stated that the caller was calling on behalf of the Time Warner Cable customer service department. (Amended Compl. ¶¶ 11-34.) On the two calls Plaintiff answered, he alleges that he explained that he was not Tessie Jubin and did not know Tessie Jubin. (Amended Compl. ¶¶ 11-12, 18-19.) Plaintiff does not allege that any of the calls or voicemails were harassing, aggressive, or even rude. Despite this fact, Plaintiff brought an action against TWC alleging that TWC had violated the TCPA and TDCA. (Amended Compl. ¶ 1.) Plaintiff does not allege any facts to suggest that TWC had the intent of harassing him, nor does he allege any actual damages – both essential elements to a claim under the TDCA.

## III.   ARGUMENT

### A. Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v.*

---

[2] Plaintiff's allegations are taken from his Amended Complaint. TWC does not admit the truth of those allegations by referencing them in this Motion.

*Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "It follows that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'"  *Id.*

To determine whether a complaint sufficiently pleads a cause of action, the Court must first identify conclusory allegations and disregard them, for they are "not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1951.  The Court must then "consider the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The complaint is insufficient and a motion to dismiss should be granted if the facts in the complaint are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior."  *Id.*

**B. Plaintiff's Allegations Do Not Establish That TWC Made "Repeated or Continuous" Calls for the Purpose of Harassing the "Person at the Called Number."**

Plaintiff asserts that TWC violated § 392.302(4) of the TDCA.  (Amended Compl. ¶¶ 3, 53.)  That section of the TDCA provides that a "debt collector may not oppress, harass, or abuse a person by: . . . Causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."  Tex. Fin. Code § 392.302(4).

3

Plaintiff's sole allegations in support of that claim are that he mistakenly received 22 calls over a 173 day period (an average of less than 1 call per week) regarding the overdue account of another Time Warner Cable customer, Tessie Jubin.  (Amended Compl. ¶ 11-34.) Plaintiff's allegations establish that all but two of these mistaken calls went to voicemail, where the message left simply requested that he call Time Warner Cable's customer service department back regarding an important matter.  (*See* Amended Compl. ¶¶ 11-34.)  Despite not answering or returning those calls, Plaintiff assumes in his Amended Complaint that the purpose of those messages was to reach "Tessie Jubin" for debt collection purposes.  (Amended Compl. ¶¶ 13-34.)  Plaintiff has also failed to allege any facts to show that during the two calls he did answer from Time Warner Cable the caller was harassing, aggressive, or even rude.

Accordingly, Plaintiff's allegations fail to state a TDCA claim because they do not plausibly support a finding that TWC made the alleged calls with the specific intent to harass the person at the called number.  Tex. Fin. Code § 392.302(4).  Thus, the allegations cannot possibly, let alone plausibly, establish that TWC intended to harass *Plaintiff*.

Further, Plaintiff's TDCA claim fails because his allegations do not establish a specific intent to "harass."  In *Montoya v. Bluebonnet Financial Assets*, No. 02-09-00301-CV, 2010 WL 4261481 (Tex. App. Oct. 28, 2010),[3] the counter-plaintiff sued Bluebonnet for violations of Section 392.302(4), alleging that Bluebonnet's attorneys had sent her letters and made "obnoxious and unpleasant" phone calls to her for purposes of trying to collect on a debt despite her "repeatedly" telling the callers to "contact her attorney, leave her alone, and quit calling her."

---

[3] The *judgment* in *Montoya*, but not the opinion, was vacated on rehearing solely for purposes of accepting a voluntary remittitur of the damage award.  *See Montoya v. Bluebonnet Fin. Assets*, No. 02-09-00301-CV, 2010 WL 5186787 (Tex. App. Dec. 23, 2010).

*Id.* at *5. The Texas Court of Appeals affirmed the trial court's granting of summary judgment as to that claim, holding:

> While Bluebonnet's counsel's phone calls may have been unwelcome and uninvited, Montoya's affidavit contains no allegation that Bluebonnet or its counsel *used or attempted to use threats or coercion or that they oppressed or abused her*. See Tex. Fin. Code Ann. §§ 392.301-.302. Section 392.302 prohibits debt collectors from making repeated or continuous phone calls with the intent to harass a person at the called number, but even if Montoya's affidavit is some evidence of repeated or continuous phone calls, it nevertheless provides no facts showing that Bluebonnet's counsel *made the phone calls with the intent to harass her*. See id. § 392.302(4). Because Montoya did not produce more than a scintilla of evidence that Bluebonnet used statutorily prohibited debt collection methods, we hold that the trial court did not err by granting a no-evidence summary judgment on Montoya's finance code violation claim.

*Montoya*, 2010 WL 4261481, at *6 (emphasis added).

Here, Plaintiff's allegations do not plausibly establish that TWC acted with any intent to harass Plaintiff. As *Montoya* shows, the mere fact that Plaintiff allegedly found the calls unpleasant or uninvited cannot establish that the calls were made with the intent to harass Plaintiff. Plaintiff does not allege that TWC threatened him or coerced him in any way or was even rude to him. Instead, he alleges only that TWC made a few unwelcome calls to his telephone. Specifically, Plaintiff alleges that he received 22 calls over a 173 day period, or an average of one call every eight days. Such allegations are insufficient, as a matter of law, to demonstrate a violation of the TDCA. *See Montoya*, 2010 WL 4261481, at *6; *see also Coleman v. Credit Mgmt., LP*, Civil Action No. 3:10-CV-2312-M, 2011 WL 5248219, *4 (N.D. Tex. Nov. 2, 2011) (granting summary judgment on claim brought under 15 U.S.C. § 1692d, which is similar to the TDCA, on the grounds that an average of one call every five days in connection with a debt owed to Time Warner Cable did not show an intent to harass or "rise to the level of abuse as a matter of law under these circumstances."); *cf. Cole v. U.S. Bank Nat'l Assoc. ND*, Civil Action No. H-11-2325, 2011 WL 3651029, * (S.D. Tex. Aug. 17, 2011) (denying motion

to dismiss claim under TDCA where plaintiff alleged "specific instance of four telephone calls within 39 minutes on the same day."). Accordingly, Plaintiff's Amended Complaint does not allege a plausible violation of the TDCA and TWC's Motion to Dismiss should be granted.

### C. Plaintiff's Allegations Do Not Establish That Plaintiff Suffered Any Actual Injury as a Result of TWC's Supposed Conduct.

Plaintiff seeks to recover "actual damages" for the alleged violations of the TDCA but fails to allege *any* facts showing that Plaintiff suffered any actual damages. The ability to prove actual damages is a necessary element to a TDCA complaint. *See Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-02 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot successfully maintain an action under the [TDCA].") (quotations omitted). Accordingly, because Plaintiff fails to allege facts supporting all of the requisite elements of a *prima facie* TDCA claim, the Court should dismiss Count II of the Amended Complaint.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff has failed to plead a plausible violation of the TDCA, and the Court should, therefore, dismiss Count II of Plaintiff's Amended Complaint.

Respectfully submitted this 6th day of September, 2012.

**CORNELL SMITH & MIERL, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:    (512) 328-1541

Elizabeth "Betsy" S. Chestney
Texas State Bar No. 24038103

**WARGO & FRENCH LLP**
999 Peachtree Street 26th Floor
Atlanta, Georgia 30309
Telephone:  (404) 853-1500
Telecopy:  (404) 853-1501

Michael S. French[*]
Georgia Bar No. 276680
Paul G. Sherman[*]
Georgia Bar No. 100153
Michael Wolak*
Georgia Bar No. 773197
*admitted pro hac vice*

1888 Century Park E., Suite 1520
Los Angeles, California 90403
Telephone: (310) 853-6300
Telecopy:  (310) 853-6301

John P. Mittelbach*
California Bar No. 284088
*admitted pro hac vice*


By:  /s John Mittelbach_____
         John Mittelbach


*ATTORNEYS FOR DEFENDANT*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 6th day of September, 2012, I electronically filed a true and correct copy of this document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following counsel of record:

**James L. Davidson**
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
Fax: 561-961-5684
Email: jdavidson@mgjdlaw.com

**Michael L. Greenwald**
Greenwald Davidson PLLC
5550 Glades Road
Boca Raton, FL 33431
(561) 826-5477
Fax: (561) 869-1919
Email: mgreenwald@mgjdlaw.com

**Dennis Robert Kurz**
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith St., 16th Fl.
Houston, TX 77002
(888) 595-9111 x 412
Fax: (866) 565-1327
Email: ecf@attorneysforconsumers.com

_/s John Mittelbach_____
John Mittelbach