UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DOUGLAS MASTERS, Individually and on Behalf of All Other Similarly Situated, <br><br> Plaintiff <br><br> v. <br><br> TIME WARNER CABLE INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:12-cv-000451-SS |

**DEFENDANT TIME WARNER CABLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION**

### I.   INTRODUCTION

Plaintiff's Opposition brief demonstrates that he has no legitimate excuse for his refusal to arbitrate this dispute as the parties agreed. Instead, Plaintiff resorts to asserting arguments based on a prior, obsolete version of Time Warner Cable's ("TWC") Subscriber Agreement. Plaintiff, however, cannot escape the indisputable facts that (1) the prior version of TWC's Subscriber Agreement provided to him in October 2009 (the "2009 Agreement") expressly provided that it could be revised and updated over time; (2) in May 2010, Plaintiff was expressly advised in his billing statement that the 2009 Agreement had been revised (the "2010 Revised Agreement"), specifically highlighting the contract's arbitration clause and the option to opt-out of that clause; (3) the 2010 Revised Agreement expanded the scope of the arbitration clause from disputes related to the services provided to Plaintiff to, instead, cover "all disputes, claims, or controversies" between the parties regarding any aspect of their relationship; and (4) that the 2010 Revised Agreement's arbitration clause expressly provides that any dispute regarding the arbitrability of a claim shall be resolved by the arbitrator, not the court.

Plaintiff's attempt to avoid arbitration based on his purported claim for injunctive relief also fails because that claim was mooted when TWC deleted Plaintiff's cell phone number from the account of TWC's other customer ("Tessie Jubin"). Therefore, it is not possible that Plaintiff will receive any further accidental calls regarding that customer's account. Accordingly, TWC requests that this Court hold Plaintiff to his agreement to arbitrate this dispute (and, indeed, "any dispute") with TWC.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A. **Plaintiff's Attempt to Rely on the Outdated, Obsolete 2009 Agreement is Meritless**

Apparently recognizing that the 2010 Revised Agreement definitively establishes that Plaintiff must arbitrate his current claim against TWC, Plaintiff instead attempts to oppose TWC's Motion based on the outdated, obsolete 2009 Agreement. Based on that flawed premise, Plaintiff asserts straw man arguments that (1) TWC cannot invoke the parties' arbitration clause because Time Warner Cable Inc. was not a party to the 2009 Agreement; and (2) this dispute is not within the scope of the 2009 Agreement's arbitration clause.

Plaintiff concedes that these arguments are doomed under the 2010 Revised Agreement. Plaintiff admits that Time Warner Cable Inc. is a party to the 2010 Revised Agreement. (DE 33, Pltf.'s Opp. at 5 n.6.) Plaintiff also admits that the 2010 Revised Agreement's arbitration clause is "**significantly broadened to encompass any dispute, claim or controversy**" between the parties. (Pltf.'s Opp. at 5 n.6) (emphasis added).

Plaintiff's attempt to rely on the outdated, inapplicable 2009 Agreement fails. As demonstrated below, Plaintiff was expressly notified that the 2009 Agreement had been revised and expressly given the opportunity to opt out of the updated, "significantly broadened"

2

arbitration clause now in place.  Plaintiff failed to do so.  Accordingly, Plaintiff's arguments attempting to avoid arbitration must be rejected.

> **1. Plaintiff Was Expressly Notified of Changes in the 2010 Revised Agreement Expanding the Scope of the Arbitration Clause and Adding Time Warner Cable Inc. as a Party to the Agreement**

Plaintiff's argument that he was not notified of any changes to the 2009 Agreement is simply false.  Plaintiff cannot dispute that in May 2010 TWC expressly notified him in his billing statement that TWC had revised the 2009 Agreement.  The notice regarding the 2010 Revised Agreement was clear:

> **You have a new Time Warner Cable subscriber agreement, which contains an arbitration clause and other important items.  You can review the new agreement and, if you wish, 'opt out' of the arbitration clause at http://help.twcable.com/html/policies.html**

(Third Tagg Decl. ¶¶ 3-4 & Ex A, attached as Exhibit 1.)   Notably absent from Plaintiff's Opposition is any argument that he did not receive this May 2010 notice.  Plaintiff also fails to argue that he ever took the time to review the changes made in the 2010 Revised Agreement or opt out of the new, broadened Arbitration Clause.  The silence is deafening.  It is also dispositive.

TWC has not made any changes to the Subscriber Agreement since the 2010 Revised Agreement.  (Third Tagg Decl. ¶ 6.)  Therefore, if Masters had reviewed the 2010 Revised Agreement, he would have seen that the Agreement's arbitration clause had been expanded to its current form covering "any dispute, claim, or controversy" between him and "TWC," and that "TWC" expressly included Time Warner Cable Inc.  (*See* Third Tagg Decl., Ex. A.)  Accordingly, Plaintiffs' argument that TWC has "skipped to the finish" by referencing the

"current" version of the Subscriber Agreement is yet another straw man argument that is easily toppled by the facts. The "current" version of the Subscriber Agreement available on TWC's website **is** the 2010 Revised Agreement. (*Compare* Third Tagg Decl. Ex. A & C.) Plaintiff was expressly notified of those changes and specifically advised that he had the option to opt-out of the 2010 Revised Agreement's arbitration clause if he wished. He did not do so. The Subscriber Agreement expressly notified Masters that by "using [TWC's] services, you accept (in other words, make legally binding) these Customer Agreements." (Current Subscriber Agreement p. 1, DE 28-1 at 11.) Thus, by continuing to accept services from TWC, Masters accepted the terms of the 2010 Revised Agreement and is bound to honor those terms, including his agreement to arbitrate this dispute.

### 2. Time Warner Cable Inc. is a Party to the 2010 Revised Agreement

Plaintiff's argument that TWC cannot invoke the parties' arbitration clause because Time Warner Cable Inc. was not a party to the 2009 Agreement is both curious and meritless. The argument is curious because Plaintiff's argument is premised on the fact that Time Warner Cable Inc. is not licensed to do business in Texas and that cable service in Texas is provided by another Time Warner Cable entity, Time Warner Cable-Advance/Newhouse Partnership ("TWEAN"). Not surprisingly, TWEAN also calls its customers about their accounts for cable services. (Third Tagg Decl. ¶ 7.) Yet, Plaintiff did not file this lawsuit against TWEAN. Instead, based on Plaintiff's logic, Plaintiff is knowingly maintaining a lawsuit against an entity that had no involvement in the events underlying this dispute.

Regardless, Plaintiff's straw man argument is meritless because the 2009 Agreement is obsolete. The operative Subscriber Agreement is the 2010 Revised Agreement, and as Plaintiff admits, the 2010 Revised Agreement expressly incorporates Time Warner Cable Inc. as a party

4

to the contract.  Therefore, Plaintiff's argument that TWC cannot invoke the arbitration clause fails.

### B. The Revised 2010 Agreement Provides that Any Dispute Regarding the Applicability of the Arbitration Clause Will Be Resolved by the Arbitrator

Plaintiff's attempt to avoid the parties' clear agreement that the arbitrator shall resolve any disputes as to arbitrability is equally meritless.  The Arbitration Clause expressly states that "[t]he arbitrator will decide whether a dispute can be arbitrated."  (Current Subscriber Agreement ¶ 15(b).).  Plaintiff's suggestion that this express agreement was somehow "buried" in the 2010 Revised Agreement is meritless and factually incorrect.   Far from being "buried," the Arbitration Clause is highlighted in the 2010 Revised Agreement.  The first page of the 2010 Revised Agreement expressly discloses the existence and location of the Arbitration Clause in bold, capital, red letters that are set off from the surrounding text by a prominent box.  (Current Subscriber Agreement, p. 1.)  Therefore, Plaintiff's argument that he was not aware of Arbitration Clause's terms is meritless and violates "the objective theory of contract law." *See Mission Viejo Emergency Med. Assoc. v. Beta Healthcare Group*, 197 Cal. App. 4th 1146, 1155 (2011) (holding insured was bound by insurance agreement's arbitration clause where the clause was clearly identified and the insured "cannot complain that he did not read [its insurance] policy and know its terms").  Here, just as in *Beta Healthcare*, the Arbitration Clause was clearly identified and, accordingly, Masters must honor its terms.

Given the parties' express agreement to have the arbitrator determine whether this dispute is within the scope of the Arbitration Clause, this Court's inquiry is limited to determining whether "the assertion of arbitrability is wholly groundless." *Agere Sys., Inc. v. Samsung Elec. Co., Ltd.*, 560 F.3d 337, 339-40 (5th Cir. 2009) (holding that Court's inquiry is limited).  Moreover, "[w]henever the scope of an arbitration clause is in question, the court should

construe the clause in favor of arbitration." *City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir. 1983) (citing *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960)).  Accordingly, the Fifth Circuit "presume[s] that arbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Commerce Park of DFW Freeport v. Mardian Constr. Co.,* 729 F.2d 334, 338 (5th Cir.1984) (internal quotation marks omitted). Here, far from being "wholly groundless," TWC's assertion of arbitrability is consistent with the terms of the Arbitration Clause.  As Masters admits in his brief, the 2010 Revised Agreement "**dramatically broadened the scope of the arbitration provision to include all disputes arising out of Plaintiff's relationship**" with TWC.  (Pltf.'s Opp. at 7) (emphasis added.) Indeed, the revised Arbitration Clause goes so far as to cover disputes "based on events that occurred prior to" the effective date of the 2010 Revised Agreement.  (Current Subscriber Agreement ¶ 16(e).).

      The fact that Masters makes only a passing attempt on the final page of his Opposition to dispute the scope of the 2010 Revised Agreement's Arbitration Clause speaks volumes. Masters's lawsuit clearly falls within the scope of that broad Arbitration Clause.  Masters's allegations that TWC harassed him with phone calls regarding another customer's account is certainly a dispute regarding his relationship with TWC.  According to Plaintiff, it is a relationship of "harassment."  To the extent Plaintiff has any issue with the arbitrability of this dispute, he must raise it with the arbitrator.  *See Agere,* 560 F.3d at 340 (holding that the "resolution of [the] plausible arguments" regarding arbitrability "is left for the arbitrator").

### C. **Plaintiff Cannot Avoid his Duty to Arbitrate This Dispute Based on his Purported Claims For Injunctive Relief**

Finally, Plaintiff's argument against arbitration based on his purported claims for injunctive relief is meritless for two reasons.  First, Plaintiff's claims for injunctive relief are moot because TWC has removed Masters's cell phone number from TWC's other customer's account.  (Wilkerson Decl. ¶ 3, attached as Exhibit 2.)   Indeed, Plaintiff's allegations establish that he has not received any additional inadvertent calls regarding that customer's account for several months.  Therefore, "there is no reasonable expectation the alleged violations will recur" and his claim for injunctive relief is moot.  *First Colony Life Ins. Co. v. LFC Resolution Payment Fund, Ltd.*, 83 F. Supp. 2d 767, 770 (N.D. Tex. 1999) (holding that plaintiff's claim for injunctive relief was moot); *see also Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (same).

    Even if Masters still had a viable claim for injunctive relief (which he does not), the presence of that claim does not excuse Masters from arbitrating his damages claim – which clearly serves as the primary claim in this case.  Instead, courts nationwide have routinely recognized that the parties must arbitrate claims that are covered by an arbitration clause, regardless of whether the complaint also includes non-arbitrable claims.  *See. e.g.*, *Abreau v. Slide, Inc.*, No. C 12-0041 WHA, 2012 WL 2873772, *5 (N.D. Cal. July 12, 2012); *S.A. Mineracao Da Trindade-Samitri v. Utah Intern., Inc.*, 745 F.2d 190, 196-97 (2d Cir. 1984); *UMC Petroleum Corp. v. J & J Enter., Inc.*, 758 F. Supp. 1069, 1074 (W.D. Penn. 1991); *Seltzer v. Klein*, CIV A. No. 88-6737, 1989 WL 41288, *9 (E.D. Penn April 20, 1989).  Moreover, as those cases recognize, the proper course of action where a case involves some claims that are not subject to arbitration is to stay the proceedings regarding the non-arbitrable claims pending resolution of the arbitration – especially where the arbitration will address the primary claims in

the case. *See UMC Petroleum Corp.*, 758 F. Supp. at 1074 (holding that a stay is proper where "the arbitrable claims tend to dominate those which have been found to be non-arbitrable); *Utah Intern., Inc.*, 745 F.2d at 196-97 (same); *Abreau*, 2012 WL 2873772 at *5 (holding injunctive aspect of the case in abeyance "until the arbitration has decided on the outcome of all other issues"). Courts have long-recognized that staying resolution of the non-arbitrable claims "is warranted in view of the considerations of judicial economy" *Seltzer*, 1989 WL 41228 at * 9 (recognizing the significant evidentiary effect of arbitration awards). Accordingly, to the extent this Court concludes that Masters's claim for injunctive relief remains valid, TWC requests that this Court exercise its discretion to stay the resolution of those claims until after the arbitrator has resolved Masters's claims for monetary damages. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp*, 460 U.S. 1, 20 (recognizing that the decision to stay litigation of non-arbitrable claims "is one left to the district court . . . as a matter of its discretion to control its docket.").

### III.   CONCLUSION

Masters's decision to base his Opposition on an obsolete version of the Subscriber Agreement smacks of desperation. Masters was expressly notified that the 2009 Agreement had been revised to include the broader Arbitration Clause in place today. Masters must now honor the terms of that Arbitration Clause. Accordingly, for the reasons set forth above and in TWC's opening brief, TWC respectfully requests that this Court grant TWC's Motion to Dismiss or, in the Alternative, to Stay and Compel Arbitration.

Respectfully submitted this 21st day of September, 2012.

        **CORNELL SMITH & MIERL, LLP**
        1607 West Avenue
        Austin, Texas 78701
        Telephone:   (512) 328-1540
        Telecopy:    (512) 328-1541

        Elizabeth "Betsy" S. Chestney
        Texas State Bar No. 24038103

        **WARGO & FRENCH LLP**
        999 Peachtree Street 26th Floor
        Atlanta, Georgia 30309
        Telephone:  (404) 853-1500
        Telecopy:  (404) 853-1501

        Michael S. French[*]
        Georgia Bar No. 276680
        Paul G. Sherman[*]
        Georgia Bar No. 100153
        Michael Wolak*
        Georgia Bar No. 773197
        *admitted pro hac vice*

        1888 Century Park E., Suite 1520
        Los Angeles, California 90403
        Telephone: (310) 853-6300
        Telecopy:  (310) 853-6301

        John P. Mittelbach*
        California Bar No. 284088
        *admitted pro hac vice*

        By:  /s John Mittelbach
                John Mittelbach

        ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 21st day of September, 2012, I electronically filed a true and correct copy of this document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following counsel of record:

**James L. Davidson**
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
Fax: 561-961-5684
Email: jdavidson@mgjdlaw.com

**Michael L. Greenwald**
Greenwald Davidson PLLC
5550 Glades Road
Boca Raton, FL 33431
(561) 826-5477
Fax: (561) 869-1919
Email: mgreenwald@mgjdlaw.com

**Dennis Robert Kurz**
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith St., 16th Fl.
Houston, TX 77002
(888) 595-9111 x 412
Fax: (866) 565-1327
Email: ecf@attorneysforconsumers.com

    _/s John Mittelbach_
    John Mittelbach