IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DOUGLAS MASTERS, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TIME WARNER CABLE, INC.,<br><br>　　　　　　　Defendant. | **Civil Action No.: 1:12-cv-000451-SS** |

## PLAINTIFF'S MOTION FOR LEAVE TO JOIN AN ADDITIONAL DEFENDANT

Plaintiff Douglas Masters ("Plaintiff"), individually and on behalf of all others similarly situated, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order allowing Plaintiff to join an additional defendant to his complaint, and deeming the Second Amended Class Action Complaint attached as Exhibit "A" hereto filed as of the date of the Order.  In support, Plaintiff states as follows:

1.　　On August 20, 2012, Plaintiff filed his Amended Class Action Complaint (the "Amended Complaint").  *See* Dkt. No. 21.  The Amended Complaint alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §392.302(4) of the Texas Financial Code by Time Warner Cable, Inc. ("TWC, Inc.") as a result of repeated, pre-recorded telephone calls made to Plaintiff's cellular telephone without Plaintiff's consent in an apparent attempt to reach an individual named "Tessie Jubin."

2. Since the filing of the Amended Complaint, counsel for TWC, Inc. has represented to Plaintiff and the Court that TWC, Inc. did not make the telephone calls at issue in this litigation and that its affiliated entity, Time Warner Advance/Newhouse Partnership ("TWEAN") would have made (or directed the making of) the allegedly offending calls to Plaintiff. *See* Dkt. No. 39-1 at 3, ¶7. Plaintiff has sought evidence from TWC, Inc. regarding how it arrived at the conclusion that TWEAN made the calls at issue.[1] To date, TWC, Inc. has not produced any documents responsive to Plaintiff's request that would answer this question.

3. This has placed Plaintiff is a somewhat precarious position as the Court-imposed deadline for Plaintiff to join additional parties is November 9, 2012. *See* Dkt. No. 27 at 2, ¶5. While TWC, Inc., as set forth above, has represented, without evidence, that TWEAN would have made the calls to Plaintiff, TWC, Inc. previously represented in this litigation that it deleted Plaintiff's cellular telephone number from the account of its other customer, Tessie Jubin, thus implying that TWC, Inc. both held the account and had the ability to control the offending telephone calls. *See* Dkt. No. 39 at 2, 7.

4. The function of Rule 15 of the Federal Rules of Civil Procedure is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer. *See Gonzales v. Ridgewood Landscaping, Inc.,* 2010 WL 5100601 at *1 (S.D. Tex. 2010) (*quoting* 6 Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure § 1473 (3d ed. 2010)).[2] Due to the liberal pleading presumption

---

[1] Though most of the calls referenced in the Amended Complaint came from unlisted phone numbers with voicemails stating that the calls were from "Time Warner Cable," at least two of the calls did appear on Plaintiff's cellular telephone from listed phone numbers. Plaintiff was able to track one of those phone numbers to a TWC, Inc. subsidiary in Goldsboro, North Carolina.

[2] Internal quotations and citations are omitted and emphasis is added unless otherwise noted.

1

underlying Rule 15(a), the Fifth Circuit has stated that Fed. R. Civ. P. 15(a) "evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).  Indeed, absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial.  *Gonzales*, 2010 WL 5100601 at *1.

5. As such, and out of an abundance of caution given the representations made by TWC, Inc., Plaintiff requests that this Court enter an Order allowing Plaintiff to add TWEAN as a party to this litigation, and deeming the Second Amended Class Action Complaint attached hereto as Exhibit "A" timely filed.  If discovery ultimately bears out that TWC, Inc. had no control of TWEAN and had no involvement in the allegedly violative telephone calls, then Plaintiff will promptly dismiss his claims against TWC, Inc.

6. Plaintiff has conferred with counsel for TWC, Inc. regarding the relief requested herein.  TWC, Inc. opposes the addition of TWEAN as a party to this litigation without the dismissal of Plaintiff's claims against TWC, Inc.

DATED:  November 9, 2012                     Respectfully submitted,


                                             /s/ *James L. Davidson*

                                             **JAMES L. DAVIDSON** (*admitted pro hac vice*)
                                             **MICHAEL L. GREENWALD** (*admitted pro hac vice*)
                                             GREENWALD DAVIDSON PLLC
                                             5550 Glades Road, Suite 500
                                             Boca Raton, FL 33431
                                             Telephone:     561.826.5477
                                             Telecopier:    561.961.5684
                                             jdavidson@mgjdlaw.com
                                             mgreenwald@mgjdlaw.com

                                             Counsel for Plaintiff and the Proposed Class

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on November 9, 2012, via the Court Clerk's CM/ECF system which will provide notice to the following:

>Michael S. French
>Paul G. Sherman
>John P. Mittelbach
>Michael Wolak, III
>WARGO & FRENCH LLP
>999 Peachtree Street. 26th Floor
>Atlanta, Georgia 30309
>Telephone: (404) 853-1500
>Telecopy: (404) 853-1501
>
>Elizabeth S. Chestney
>CORNELL SMITH & MIERL, LLP
>1607 West Avenue
>Austin, Texas 78701
>Telephone: (512) 328-1540
>Telecopy: (512) 328-1541
>
>*/s/ James L. Davidson*_____
>**JAMES L. DAVIDSON**