IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

———————————————— x
                                        :   **Civil Action No.: 1:12-cv-000451-SS**
                                          :
DOUGLAS MASTERS, Individually and On    :
Behalf of All Others Similarly Situated,      :
                                          :
                     Plaintiff,       :
                                          :
          vs.                         :
                                          :
TIME WARNER CABLE, INC.,            :
                                          :
                     Defendant.   :
———————————————— x

## <u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES</u>

## I.    INTRODUCTION

While this Court has not granted Defendant Time Warner Cable, Inc.'s ("Defendant")
Motion to Stay Discovery (Dkt. No. 30), Defendant has imposed its own discovery stay in this
case by refusing to participate in the discovery process.   To that end, even though Plaintiff
Douglas Masters ("Plaintiff"), on behalf of himself and the proposed Class, served his discovery
requests on August 27, 2012,[1] Defendant has not produced a single document, nor has it
substantively responded to the majority of Plaintiff's interrogatories.[2]   Because critical Court-
imposed deadlines are fast-approaching, Plaintiff faces severe prejudice if Defendant is permitted
to continue in its refusal to engage in discovery.

Defendant rests its objection to participating in the discovery process on two central
grounds:   First, Defendant argues that discovery should be stayed and arbitration should be
compelled.   This is the subject of two motions filed by Defendant, neither of which has been
granted by the Court.   Rather, the Court entered a Scheduling Order setting forth the deadlines
governing the case and by which the parties are to be bound.   Defendant's refusal to participate
in discovery threatens to make it impossible for Plaintiff to meet those deadlines.   Second,
Defendant states that it is not liable for the complained-of violations of the Telephone Consumer
Protection Act ("TCPA"), 47 U.S.C. §227, and §392.302(4) of the Texas Financial Code, and
therefore should not have to produce documents.   However, not wanting to be a party to
litigation does not excuse a defendant's obligations under the Federal Rules of Civil Procedure.

---

[1]  A true and correct copy of Plaintiff's First Requests for Production is attached hereto as Exhibit
A.  A true and correct copy of Plaintiff's First Set of Interrogatories is attached hereto as Exhibit
B.   Plaintiff's discovery requests are referred to herein, collectively, as the "Discovery
Requests."

[2]  A true and correct copy of Defendant's responses and objections to Plaintiff's First Requests
for Production is attached hereto as Exhibit C, and a true and correct copy of Defendant's
responses and objections to Plaintiff's First Set of Interrogatories is attached hereto as Exhibit D.

Neither of Defendant's objections justify its refusal to engage in the discovery process. Consequently, and to avoid severe prejudice to Plaintiff, Defendant's objections should be overruled and the Court should provide a date certain for Defendant to complete its document production and substantively respond to Plaintiff's interrogatories.[3]

## II.    PROCEDURAL HISTORY

On August 6, 2012, the parties submitted a Joint Stipulation and Order Setting Briefing Schedule on Amended Complaint ("Joint Stipulation").  Dkt. No. 13.  As part of the Joint Stipulation, the parties agreed to postpone all discovery as follows:

> If Defendant files a renewed Motion to Compel Arbitration in response to any amended complaint, the parties agree that discovery (other than any discovery that Plaintiff may seek in support of opposing Defendant's renewed Motion to Compel Arbitration) will be stayed until 3 days after a ruling is issued on the Motion to Compel Arbitration.

Dkt. No. 13 at 2.

On August 16, 2012, the Court rejected the Joint Stipulation in its entirety, denying the request to stay discovery pending resolution of Defendant's Motion to Compel Arbitration and Motion to Dismiss.  Dkt. No. 20 ("IT IS ORDERED that the Joint Stipulation Setting Briefing Schedule on Amended Complaint [#13] is not approved."; "The Court does not approve or order the joint stipulation, and enters the following order:").  As ordered by the Court, Plaintiff then filed his Amended Class Action Complaint ("Complaint") on August 20, 2012.  Dkt. No. 21.

Thereafter, on August 27, 2012 and consistent with Fed. R. Civ. P. 26, the parties submitted their joint proposed scheduling order.  Dkt. No. 25.  Plaintiff also served his Discovery Requests on Defendant.  The Court entered the Scheduling Order on September 5, 2012, Dkt. No. 27, setting the deadlines governing pretrial and trial in this case.  Specifically, the Court

---

[3]  Pursuant to Local Rule CV-7(i), the parties have met and conferred regarding the relief requested herein but have unable to resolve Defendant's objections to Plaintiff's Discovery Requests, as outlined herein.

ordered Plaintiff to file his motion for class certification by January 18, 2013, *id*. at ¶5, the parties to complete all discovery by March 29, 2012, *id*. at ¶8, and that all dispositive motions be filed by March 29, 2013.  *Id*. at ¶9.  The Court also set the case for docket call on November 22, 2013 at 11:00 a.m. and trial in December 2013.  *Id*. at ¶10.

Given the schedule adopted by the Court, Defendant's self-imposed stay of discovery threatens to severely prejudice Plaintiff and the proposed Class.  Indeed, Plaintiff's motion for class certification is due by January 18, 2013 – only two months from now, and Defendant's categorical refusal to participate in the discovery process threatens Plaintiff's ability to meet his burden under Fed. R. Civ. P. 23.  Similarly, all discovery must be completed by March 29, 2012, and each day that Plaintiff is prevented from conducting such discovery compresses his ability, and that of the proposed Class, to adequately prepare their case for trial.  As a result, Defendant's *de facto* stay of discovery – which the Court, to date, has not ordered – threatens to cause severe prejudice to Plaintiff.

## III.   ARGUMENT

### A.  Legal Standard

"The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable."  *York v. Tropic Air, Ltd.*, 2011 WL 5827299, at *4 (S.D. Tex. Nov. 17, 2011) (citing *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a) [(3)(B)(iii) and (iv)] empowers the court to compel the production of documents ... upon motion by the party seeking discovery."). Federal Rule of Civil Procedure 26(b)(1) provides that materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear [ ] reasonably calculated to lead to the discovery of admissible evidence."  *York*, 2011 WL 5827299, at *4 (granting motion to compel production of documents).  Indeed, "[th]e rules of

discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials." *Charles E. Hill & Assoc., Inc. v. ABT Electronics, Inc.*, 854 F. Supp. 2d 427, 428 (E.D. Tex. 2012) (citing *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)).

### B. The Court Should Compel Defendant to Produce Documents and Substantively Respond to Plaintiff's Interrogatories

#### 1. Defendant's Discovery Objections are Not Well-Founded

Defendant objects to Plaintiff's Discovery Requests on two main grounds, neither of which has merit. First, Defendant "objects to responding" to Plaintiff's Discovery Requests "in their entirety until the Court rules on [Defendant's] pending motions." *See* Ex. C, ¶1; Ex. D, ¶1. That is, Defendant has taken the position that even though the Court has not stayed discovery in this case despite Defendant's request that it do so, Defendant will not substantively respond to the Discovery Requests until such time as its motions to stay discovery and compel arbitration are denied.[4] By doing so, Defendant has turned the Federal Rules of Civil Procedure on its head: the Rules apply, and the Court-imposed schedule governs, unless and until the Court holds otherwise, not the other way around. As a result, Defendant's objection should be overruled and the Court should compel Defendant to substantively participate in the discovery process.

Second, Defendant objects to the Discovery Requests because they are "not applicable" to it. *See* Ex. C, ¶2; Ex. D, ¶2. In support of its objection, Defendant states:

> Specifically, TWC does not provide cable services to subscribers. Rather, those services are provided by subsidiaries and affiliates of TWC. For example, with respect to Plaintiff's claims in this case, TWC is not licensed to do business in Texas, and cable service in Austin, Texas, where this customer resides, is provided by another Time Warner Cable entity, Time Warner Cable-Advance/Newhouse Partnership ("TWEAN"). Not surprisingly, Time Warner

---

[4] As Defendant's motions are fully briefed, Plaintiff will not re-litigate those issues here. For the reasons stated in his opposition briefs, this case should not be stayed in favor of arbitration and discovery should proceed without delay. *See* Dkt. Nos. 33, 34.

4

>Cable Inc. does not make any calls to subscribers in Texas. Any such calls are made by TWEAN or third party vendors of TWEAN. Yet, Plaintiff did not file this lawsuit against TWEAN. Instead, Plaintiff is knowingly maintaining a lawsuit against and seeking discovery from an entity that had no involvement whatsoever in the events underlying this dispute.

*See* Ex. C, ¶2; Ex. D, ¶2.

As an initial matter, Plaintiff has filed a motion for leave to add TWEAN as a party. *See* Dkt. No. 43. In any event, Defendant appears to base its objection that it is an improper party on the grounds that Defendant does not provide cable services where Plaintiff resides. However, the salient question is not where Plaintiff resides, but where third-party Tessie Jubin, the presumed intended recipient of the calls at issue in the case, resides. Thus, that Defendant does not conduct business in Austin, Texas, does not answer the question of which entity made, or caused to be made, the calls at issue here.

Regardless, even if Defendant earnestly believes it is not a proper party to this case, such belief does not shield it from its discovery obligations. Virtually no defendant in any civil case believes it did anything wrong. Having such a self-interested opinion, however, does not circumvent the discovery process dictated by the Federal Rules. Until such time as Defendant is dismissed from this case, it must comply with the Federal Rules and substantively respond to Plaintiff's Discovery Requests.

Moreover, Plaintiff's Discovery Requests are directed not just at Defendant, but at those subsidiaries and affiliated entities under its control. *See* Ex. A, Definition No. 4; Ex. B, Definition No. 2. Here, Defendant asserts that TWEAN is the proper party. Because Defendant has the ability to control TWEAN, and documents in the possession of TWEAN are within Defendant's control, it must produce such documents and answer such interrogatories. Indeed, Defendant's control over TWEAN is confirmed in numerous ways, including that Time Warner Entertainment Company, L.P., TWEAN's managing partner, is wholly owned by Defendant. In

addition, Defendant had the authority to remove Plaintiff's cellular telephone number from its caller database.  *See* Dkt. No. 39 at 3 ("TWC deleted Plaintiff's cell phone number from the account of TWC's other customer…").  Finally, Defendant had the authority to, and did, revise the Subscriber Agreement between TWEAN and Plaintiff to add Defendant as a party thereto. *See* Dkt. No. 28-1 at 3, 21;  Dkt. No. 39-1 at 2, ¶4.  As Ed Tagg, Defendant's Senior Director of Operations for Defendant's Central Texas operations, stated under penalty of perjury, it was Defendant that "revised the Subscriber Agreement" provided to Plaintiff.  Along the same lines, Defendant "informed [Plaintiff] in a May 2010 billing statement about the revised Subscriber Agreement…" Dkt. No. 28-1 at 3, ¶4.  Thus, there is ample record evidence that Defendant had the ability to control, and did control, TWEAN's billing and contractual operations and, as a result, documents within TWEAN's possession, custody, or control are also within Defendant's possession, custody, or control.  Defendant's objection therefore fails and the Court should order Defendant to produce such responsive documents within its, and TWEAN's, possession, custody, or control.

Lastly, the Court should compel Defendant to produce documents and answer those interrogatories which Defendant agreed to produce and answer "pursuant to the entry of a suitable protective order."  *See* Ex. C, ¶7, Response to Requests for Production 5; Ex. D, ¶7, Responses to Interrogatories 10-12.  Plaintiff sent counsel for Defendant a draft protective order for Defendant's consideration on October 30, 2012.  After the parties met and conferred on Defendant's objections, on November 19, 2012, counsel for Defendant sent undersigned counsel an email stating that Defendant would be standing on its objections and desired to wait to address the protective order until Defendant's threshold objections were resolved.  This motion to compel followed.

**2. Plaintiff Faces Severe Prejudice By Defendant's Refusal to Participate in Discovery**

As set forth in Section II, above, critical case deadlines are fast approaching, including the deadline for Plaintiff to file his motion for class certification. By failing to participate in the discovery process, Defendant has significantly prejudiced Plaintiff and the proposed Class. For example, *inter alia*, Requests for Production 4-5, 8-16, and 19, and Interrogatories 3-6 and 10-12, seek information directly relevant to establishing numerosity, commonality, and typicality under Fed. R. Civ. P. 23(a). *See* Exs. A, B. Court intervention, therefore, is necessary to ensure Plaintiff meets his obligations under the Court-ordered schedule.

**IV.    CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion to Compel should be granted in its entirety and the Court should set a date certain for Defendant to produce all non-privileged, responsive documents within its possession, custody, or control, and substantively answer Plaintiff's interrogatories.

DATED:  November 20, 2012                  Respectfully submitted,


                                           /s/ *James L. Davidson*
                                           _____

                                           **JAMES L. DAVIDSON** (*admitted pro hac vice*)
                                           **MICHAEL L. GREENWALD** (*admitted pro hac vice*)
                                           GREENWALD DAVIDSON PLLC
                                           5550 Glades Road, Suite 500
                                           Boca Raton, FL 33431
                                           Telephone:      561.826.5477
                                           Telecopier:     561.961.5684
                                           mgreenwald@mgjdlaw.com
                                           jdavidson@mgjdlaw.com

                                           Counsel for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on November 20, 2012, via the Court Clerk's CM/ECF system which will provide notice to the following:

Michael S. French
Paul G. Sherman
John P. Mittelbach
Michael Wolak, III
WARGO & FRENCH LLP
999 Peachtree Street. 26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Telecopy: (404) 853-1501

Elizabeth S. Chestney
CORNELL SMITH & MIERL, LLP
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

*/s/ James L. Davidson*_____
**JAMES L. DAVIDSON**